1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAIME LARA,

        Plaintiff,

  v.

CITY OF SACRAMENTO, et al.,

        Defendants.

No. 2:09-CV-01670-FCD-GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants City of Sacramento, Tristan Piano, Daniel Monk, and Richard Braziel's (collectively "defendants") motion to strike portions of plaintiff Jaime Lara's ("Lara or "plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(f).  Plaintiff opposes the motions.  For the reasons set forth below,[1] defendant's motion to strike is DENIED.

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

This is a civil rights action arising out of plaintiffs' detention and the alleged application of excessive force by City of Sacramento Police Department officers on June 1, 2008. Plaintiff alleges that he was at the Azukar Lounge in downtown Sacramento at a family birthday celebration. (1st Am. Compl., filed Aug. 17, 2009, ¶ 1.) Lara alleges that as he was leaving, he was attacked from behind, kneed, and punched in the face by defendant Piano. (Id.) He was then arrested, but the Jail refused to book him due to his injuries. (Id.) After being taken to Sutter General Hospital, where defendant Monk took pictures of his injuries, plaintiff was told he was free to go. (Id.) Subsequently, Monk was dispatched to Kaiser Hospital, where plaintiff was being treated for his injuries. (Id.) Monk asked whether Lara wanted to file an administrative complaint, but ignored his plea that the officers be criminally investigated. (Id.) Lara filed a complaint with Internal Affairs, which was sustained. (Id.)

On August 17, 2009, plaintiff filed a First Amended Complaint alleging (1) violations of his Fourth Amendment rights based upon excessive force; (2) violations of his rights under the California Constitutional and California Civil Codes §§ 43 and 52.1 based upon excessive force; (3) violations of his Fourth Amendment rights based upon wrongful arrest; (4) violations of his rights under the California Constitutional and California Civil Codes §§ 43 and 52.1 based upon wrongful arrest; (5) entity and supervisory liability for violations of his Fourth Amendment rights; (6) battery; and (7) negligence. Plaintiff attached to
/////

his complaint three photographs depicting the injuries allegedly sustained on June 1, 2008.

Federal Rule of Civil Procedure 12(f) enables the court by motion by a party or by its own initiative to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is to avoid the time and expense of litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990).

Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted because they are often used to delay and because of the limited importance of the pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

Through this motion, defendant seeks to strike those allegations in the complaint that reference the failure to pursue a criminal investigation and omissions related to the internal affairs investigation. Defendants contend that such inaction does not give rise to a constitutional violation. Defendant also moves to strike the photographs in the complaint as well as certain historical facts relating to plaintiffs, such as his parental status,ced criminal history. Plaintiff argues that defendants' alleged inaction may be relevant to his

3

1  allegations that "[d]efendants' policies, practices, and
2  procedures created an environment under which the wrongful arrest
3  and excessive use of force were condoned, if not encouraged" and
4  may be directly relevant to his allegation that defendants
5  "ratified misconduct."  (Pl.'s Opp'n, filed Oct. 1, 2009, at 3.)
6  Plaintiff also contends that the pictures and historical facts
7  give both context and factual support to plaintiff's claims
8  regarding the events in question.
9       At this stage in the litigation, the court cannot find that
10 allegations defendant seeks to strike are so wholly immaterial
11 and without any possible bearing on the action such that a motion
12 to strike is warranted.  Nor does the court find any of the
13 allegations or attachments unduly prejudicial.
14      Accordingly, defendants' motion to strike is DENIED.
15      IT IS SO ORDERED.
16 DATED: October 23, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4