1

**LAW OFFICE OF STEWART KATZ**

STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff
JAIME LARA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME LARA, | No: 2:09-CV-01670-FCD-GGH |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER REGARDING DISCOVERY DOCUMENTS** |
| CITY OF SACRAMENTO; City of Sacramento Police Officer TRISTAN PIANO (Badge # 885); City of Sacramento Police Sergeant | |

1        All parties agree to produce documents pursuant to the following provisions:

2

3        1.   In connection with discovery proceedings in this action, the parties hereby designate the following production of documents as "Confidential" under the terms of this protective Order (hereinafter "Order").  All documents produced pursuant to this protective order reflect information either from the personnel files of employees of the City of Sacramento Police Department (responsive to Plaintiff's First Request For Production of Documents and Things, propounded to Defendant City of Sacramento; Plaintiff's First Request for Production of Documents and Things, propounded to Defendant Daniel Monk; Plaintiff's First Request for Production of Documents and Things, propounded to Defendant Tristan Piano; and Plaintiff's Second Request for Production of Documents and Things to Defendant City of Sacramento) or documents that have not been made public and the disclosure of said documents could have the effect of causing harm to Defendants.

        By designating these documents as "Confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of  Civil Procedure 26(g).

        2.   Confidential documents shall be so designated by water-marking copies of the document produced to a party with word "CONFIDENTIAL."  All documents produced pursuant to this protective order will be bates stamped and water-marked "CONFIDENTIAL" "DO NOT DUPLICATE."

        3.   Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this litigation, and for no other purpose.

        4.   Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel).  This information may be provided to any expert retained for consultation and/or trial.  In the event that this confidential information is given to an expert pert this order, counsel that retained the expert shall provide a copy of this order with the confidential information.

         5.   The Confidential Material produced pursuant to this Order will be redacted with respect to law enforcement officers, officers of the court, and third party information including, but not limited to: (i) current home address; (ii) current home or personal telephone numbers; (iii) social security numbers; (iv) dates and places of birth.  Each redaction must be identified by showing what information has been redacted (ie., "current address," "current home telephone," " social security number," etc.)  This provision complies with Eastern District Local Rule 39-140.

         6.   In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during use.  Nothing in this order creates the requirement that any documents covered by this protective order be filed under "seal" with the District Court.  Nothing in this Order creates a requirement that any deposition be labeled "Confidential" under seal.

         The substantive standards set forth by the Ninth Circuit for filing documents under seal are found in <u>Pintos v. Pacific Creditors Ass'n.</u>, 565 F.3d 1106, 1115 (9th Cir. 2009) and <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002). Procedurally, the parties must comply with E. D. Local Rules 141 and 141.1 regarding the sealing of documents.

         7.   This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the  confidentiality or nonconfidentiality of any such documents or information or altering any existing obligation of any party or the absence thereof.

         8.   Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity.  Nor does this Protective Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

1    9.   In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, upon discovery of the inadvertent disclosure, the party shall promptly notify the opposing party thereof.  Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court.  With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) court days of such notice, the producing party may, within ten (10) court days thereafter, petition the Court on an expedited basis to resolve the matter.  If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party who inadvertently produced them.

10.  If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

11.  This Order shall survive the final termination of this action, to the extent that the CONFIDENTIAL information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return all documents, material, and deposition transcripts designed as confidential and all copies of the same to counsel for Defendants CITY OF SACRAMENTO, TRISTAN PIANO, DANIEL MONK, and RICK BRAZIEL, City of Sacramento, Office of the City Attorney, 915 I Street, 4th Floor, Sacramento, CA 95814, who produced the CONFIDENTIAL records.

**IT IS SO AGREED.**

Dated:  August 2, 2010                                     /s/ Stewart Katz
                                                           STEWART KATZ,
                                                           Attorney for Plaintiff

**IT IS SO AGREED.**

Dated: August 2, 2010                                 EILEEN M. TEICHERT
                                                      City Attorney
                                                 By:  /s/ Sheri Chapman
                                                      SHERI M. CHAPMAN
                                                      Senior Deputy City Attorney

                                                      Attorneys for Defendants
                                                      CITY OF SACRAMENTO,
                                                      TRISTAN PIANO, DANIEL MONK
                                                      and RICK BRAZIEL

IT IS SO ORDERED.

Dated:08/13/10                                        /s/ Gregory G. Hollows
                                                      U.S. MAGISTRATE JUDGE