IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME LARA,

    Plaintiffs,                          CIV. NO. S-09-1670 FCD GGH

    vs.

CITY OF SACRAMENTO, et al.,

    Defendants.                      ORDER
_____/

        Previously pending on this court's law and motion calendar for September 9, 2010, was plaintiff's accelerated motion to compel further deposition testimony of defendant Piano.[1] Having heard oral argument and reviewed the papers, the court now issues the following order.

        Plaintiff's counsel argues that at defendant Piano's September 1, 2010 deposition, Piano's counsel improperly instructed her client not to answer certain deposition questions on the basis of privacy. The deposition questions for the most part pertained to Piano's reasons for being placed on administrative leave for an extended period, followed by his resignation, and the reasons for that leave/resignation. When plaintiff's counsel attempted to inquire into the nature of the "personal reasons," the questions were met with a privacy privilege objection and an instruction not to answer. Piano maintained that he resigned for "personal reasons" not related to

---

[1] The matter was heard on shortened time pursuant to plaintiff's application, filed September 2, 2010.

1

1  the excessive force incident in question in this case.

2         The deposition transcript filed on September 7, 2010, indicates that defense
3  counsel interposed an inordinate number of premature instructions not to answer.  Moreover, the
4  party asserting the privilege has the burden of establishing its applicability.  See United States v.
5  Graf, 610 F.3d 1148, 1156 9 (9th Cir. 2010).  Prior to hearing, the court invited Piano's counsel to
6  supply the court with documentary support of the privacy privilege invoked, if even *in camera*;
7  however, counsel demurred.  Normally, the court would have no difficulty in finding the privilege
8  asserted here inadequately established given the above circumstances.

9         However, other circumstances weigh in favor of ultimately denying plaintiff's
10 motion to compel further deposition answers.  First, no party disputes here that a privacy
11 privilege, if established, may be a valid ground on which to withhold evidence/testimony.  No
12 party disputes that the privilege would be validly asserted concerning the "personal reasons" for
13 leave and resignation, if those reasons had nothing to do with the possible issues in this litigation.
14 The court will therefore dispense with a discussion on privacy privilege in federal law, especially
15 because there is a need for immediate decision.

16        Secondly, because this is not a documents motion, it was not absolutely necessary
17 that the privilege be established via documentation.  Once the privacy privilege was made, Piano's
18 counsel quickly modified it to allow all questioning in areas which would have reasonably
19 possible relevance to this suit.  That is, if the "personal reasons" had any connection to the
20 incident germane to the complaint, dishonesty in general, excessive force in general, or false arrest
21 in general, plaintiff was free to ask questions on those issues.  Even after defense counsel properly
22 spelled out these areas, plaintiff's counsel did not follow up on this line of questioning.  He either
23 was myopically concerned with the precise wording on official resignation document(s) (which
24 probably only reiterated the "personal reasons" rationale), as opposed to discussions underlying
25 those documents, or when starting down an appropriate line of inquiry, inexplicably changed
26 topics prior to the answer being given.  See e.g. Piano Depo. at 41:12-21; 104:16-105:3.  It was

1 not inappropriate for Piano's counsel to require that plaintiff's counsel at least exhaust the
2 questioning areas related to the relevant-to-this case reasons for Piano's being placed on leave or
3 resigning, in order to preserve the asserted private, non-relevant reasons from seeing the light of
4 day.
5        Furthermore, denying this motion results in no cognizable injury to plaintiff given
6 the timing of plaintiff's motion.  This is not a case where plaintiff has time left in the allowable
7 discovery period to attempt to formally investigate Piano's anticipated denials of relevant reasons
8 for being placed on leave or his resignation.  Even if plaintiff were given the opportunity for a
9 continued deposition in order to properly pursue relevant questions, he would, because of the late
10 date, either have to accept Piano's answers or would have to impeach them.  The same outcome
11 would result if plaintiff asks these questions of Piano at trial.  Plaintiff's counsel would then either
12 have to accept the answers or have to use what evidence, if any, that he has now to impeach this
13 witness' answers.  In other words, denying a continuation of the deposition is not likely to lead to
14 a loss of admissible evidence that plaintiff will not otherwise be able to pursue at trial.  Given the
15 last moment taking of this deposition, and a need for possibly seeking a change in the scheduling
16 order if a further deposition were granted, no real harm results from waiting to question this
17 defendant further at trial.
18        Accordingly, IT IS ORDERED that: plaintiff's motion to compel further deposition
19 testimony of defendant Piano, filed September 2, 2010, (dkt. # 25), is denied.
20 DATED:   September 10, 2010            /s/ Gregory G. Hollows

                                          _____
21                                        GREGORY G. HOLLOWS
                                          U.S. Magistrate Judge
22 GGH:076/Lara1670.mtc.wpd